UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L. Toolasprashad, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-631 (UNA) |
| ) | |
| David J. Shulkin *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on plaintiff's application to proceed *in forma pauperis* and complaint.[1] The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" that it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff resides in Guyana, South America. He has filed suit against, among others, the Secretary of Veterans Affairs, the U.S. Ambassador to Guyana, and the U.S. Secretary of

---

[1] Plaintiff initially requested to "Seal All Records and Documents," which was denied. *See* Order [Dkt. # 6]. Plaintiff has "agree[d] to proceed on the public record." Pl.'s Reply to the Court's Order and Motion to Proceed at 1 [Dkt. # 7].

1

Homeland Security. Plaintiff alleges that the defendants "acted collectively and individually, through an orchestrated conspiracy to deprive plaintiff of medical treatment in violation of the Eighth Amendment," the Americans with Disabilities Act, the Convention Against Torture, and "the promise by the U.S. government that disabled veterans will receive medical treatment." Compl. at 3. Plaintiff states that he is "a 70% disabled American veteran" who suffers from post-traumatic stress disorder and a host of other ailments for which he was being treated while in the United States. *Id.* at 2. Plaintiff alleges that he was "forced banished [from the United States] in July 2013" before the Veterans Administration ("VA") had "completed its evaluation[.]"[2] *Id.* He seeks, among other relief, for Homeland Security to grant his request for "humanitarian parole" for thirty days so that he may receive medical treatment at the VA. *Id.* at 16-17.

Challenges to decisions "affecting the provision of veterans' benefits" are generally the exclusive province of the Court of Veterans Appeals and the United States Court of Appeals for the Federal Circuit. *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam); *accord Hunt v. U.S. Dep't of Veterans Affairs*, 739 F.3d 706, 707 (D.C. Cir. 2014) (per curiam),

---

[2] Plaintiff is no stranger to the federal courts, having brought eight prior cases in this district alone while a federal prisoner. In addition, the federal district court in New Jersey has described plaintiff as "a very frequent, repetitive, and prolix litigant" who "is prohibited from bringing a civil action *in forma pauperis*, pursuant to 28 U.S.C. § 1915(g), unless he is under imminent danger of serious physical injury." *Toolasprashad v. Wright*, No. 02-cv-5473, 2008 WL 4845306, at *1 (D.N.J. Nov. 3, 2008). It is reasonably safe to conclude that plaintiff's "forced banish[ment]" was in fact the result of removal proceedings under the Immigration and Nationality Act that followed his release from federal custody on May 13, 2011, https://www.bop.gov/inmateloc. *See Toolasprashad v. Schult*, No. 10-cv-1050, 2011 WL 3157297, at *4 (N.D.N.Y. Apr. 7, 2011), *report and recommendation adopted*, No. 9:10-cv-1050, 2011 WL 3157290 (N.D.N.Y. July 26, 2011) (finding plaintiff's challenge to immigration detainer lodged with the Bureau of Prisons not ripe for review since he "ha[d] not [yet] been issued a final removal order" and would have "remain[ed] in BOP custody until, if ever, released on parole").

citing 38 U.S.C. § 511(a); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005). "Benefit means any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e). Because plaintiff is challenging "the VA's action or inaction with respect to a veterans' benefits matter," *i.e.*, his medical treatment, this Court lacks "subject matter jurisdiction over the complaint." *Price*, 228 F.3d at 421 (citing 38 U.S.C. § 511(a)); *see id.* at 422 ("[C]ourts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction.") (citing cases)); *see also Thomas*, 394 F.3d at 975 ("Because adjudicating . . . allegations [of] failure to render appropriate medical services and denial of . . . necessary medical care treatment would require the district court to determine first whether the VA acted properly in providing . . . benefits, [such] claims are barred by section 511.") (internal quotation marks and omitted)). Therefore, this action will be dismissed. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: June __12__, 2018